IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-2216-G (BT) |
| | § | |
| HONORABLE DAVID C. | § | |
| GODBEY, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Monogna Debabhaktuni filed this *pro se* civil action against Judge David Godbey, on September 16, 2019. However, she did not pay the required $400.00 filing fee. By her complaint, Plaintiff asserts a myriad of incredible, fanciful, and often incomprehensible allegations. For example, she avers that Judge Godbey "is responsible for everything that [Plaintiff] is going through (sic) her life for last 12 months. And she got murder by everyone in the entire uniurse (sic) and in hospitals in his physical absence and raping her multiple times in his absence." Compl. 1 (ECF No. 3). Plaintiff also states Judge Godbey "kept her on the street for sexual harassment." *Id.* She further references another pending case she filed, *Manogna Devabhaktuni v. U.S. Government, et al.*, 3:19-cv-1743-N (BT) (N.D. Tex.

1

filed July 22, 2019). Plaintiff states she did not consent to a magistrate judge in that case, but instead "selected David C. Godbey when he promised to be her only one secured and safety guard for her everywhere as he saw her getting raped in terrorist attack[.]" *Id.* at 2. Plaintiff also claims the undersigned magistrate judge "planned to started (sic) killing her" so she could not win her cases. *Id.* However, Plaintiff does not identify the relief she seeks by her lawsuit.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or wholly incredible." *Id.* at 33.

Courts must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even under the most liberal construction, Plaintiff's allegations describe irrational or wholly incredible claims against Defendant. Plaintiff's complaint should therefore be DISMISSED as frivolous.

Plaintiff also should be sanctioned. She has filed eight cases in the Northern District of Texas in the past few months. *See Manogna v. U.S. Government, et al.*, No. 19-cv-1743-N (BT) (N.D. Tex. filed July 22, 2019) (Plaintiff paid the filing fee on Aug. 19, 2019 and obtained summonses from the Court); *Devabhaktuni v. Rutherford*, No. 3:19-cv-2208-X (BN) (N.D. Tex. filed Sept. 16, 2019) (findings and recommendation to dismiss under 28 U.S.C. § 1915(e)(2)(B) filed by the magistrate judge on Sept. 17, 2019); *Devabhaktuni v. Godbey*, No. 3:19-cv-2215-K (BN) (N.D. Tex. filed Sept. 16, 2019) (findings and recommendation to dismiss under 28 U.S.C. § 1915(e)(2)(B) filed by the magistrate judge on Sept. 17, 2019); *Devabhaktuni v. Godbey*, No. 3:19-cv-2217-X (BN) (N.D. Tex. filed Sept. 16, 2019) (findings and recommendation to dismiss under 28 U.S.C. § 1915(e)(2)(B) filed by the magistrate judge on Sept. 17, 2019); *Devabhaktuni v. Godbey*, et al., No. 3:19-cv-2222-K (BN) (N.D. Tex. filed Sept. 17, 2019) (findings and

recommendation to dismiss under 28 U.S.C. § 1915(e)(2)(B) filed by the magistrate judge on Sept. 17, 2019); *Devabhaktuni v. Rutherford, et al.*, No. 3:19-cv-2225-K (BK) (N.D. Tex. filed Sept. 18, 2019) (notice of deficiency entered Sept. 19, 2019); *Devabhaktuni v. All in the Court*, No. 3:19-cv-2240-M (BK) (N.D. Tex. filed Sept. 17, 2019) (notice of deficient entered Sept. 19, 2019).  These filings show Plaintiff has sued multiple judges simply because they were assigned to her cases, and she preferred a different judge.  In other filings, Plaintiff appears to threaten certain judges, stating they should be hanged or should hang themselves.  *See Devabhaktuni v. Rutherford, et al.*, No. 3:19-cv-2225-K (BK) (ECF No. 3 at 1.); *Devabhaktuni v. Godbey*, No. 3:19-cv-2217-X (BN) (ECF No. 3 at 1.)

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost National Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants. . . . *Pro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ruston v. Dallas Cnty.*, No. 3:07-cv-

4

1076-D, 2008 WL 958076 at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Due to Plaintiff's recent vexatious litigation history, the Court recommends that Plaintiff be SANCTIONED and BARRED from proceeding *in forma pauperis* in any civil action in this court – whether she files the civil action in this court, she files it in another court and it is removed to this court, or she files in another federal court and it is transferred to this court.

For the reasons stated, Plaintiff's complaint should be summarily dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and Plaintiff should be barred from proceeding *in forma pauperis* in this Court.

Signed October 4, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

6